RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

DISTRICT OF MASS.

| | |
|---|---|
| FRANK SALVUCCI, SR. AND <br> FRANK SALVUCCI, JR.   MAGISTRATE JUDGE <br><br> PLAINTIFFS <br><br> v. <br><br> WATERTOWN POLICE DEPARTMENT, <br> EDWARD DEVEAU, INDIVIDUALLY AND <br> AS CHIEF OF POLICE, OFFICER KEITH <br> PARENT, OFFICER ORLANDO RODRIQUEZ <br> SERGEANT JOSEPH DEIGNAN, SERGEANT <br> WILLIAM LOGUE SERGEANT <br> HOISETH, OFFICER LEITNER, and <br> OFFICER DONOHUE, AND AS TO EACH <br> INDIVIDUALLY <br><br> DEFENDANTS | 04-12351 <br><br> CIVIL ACTION <br><br> DOCKET NO.: |

## COMPLAINT AND JURY CLAIM

### I. INTRODUCTION

This action is a consequence of acts of terror and harassment carried out by certain residents of the City of Watertown, Middlesex County, Massachusetts permitted and abetted by the Chief of Police of Watertown and those certain police officers under his supervision and control each of whom is named as a Defendant in this action. Frank Salvucci, Sr. ("Plaintiff"), an 83 year old man, and family have been subjected to and injured by the totality of practices of the Chief of Police and his officers. The actions are in violation of the Constitutional and

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

statutory rights of the Plaintiffs. The Plaintiffs seek compensation for personal injuries, pain, suffering, punitive damages and violations of their civil rights under Massachusetts Statutes and Federal Civil Rights Statutes including, but not limited to 28 U.S.C. §§ 1331, 1342 and 42 U.S.C. §§ 1982, 1983 and 1988.

## II.  JURISDICTION AND VENUE

1. This action is brought pursuant to Massachusetts Constitution and Statutes and United States Constitution as well as Federal Statutes: 42 U.S.C. §§ 1982, 1983 and 1988 and 28 U.S.C. §§ 1331, 1342 to redress the past and present constitutional and statutory violations.

2. This Court is authorized to render declaratory relief pursuant to Massachusetts Rules of Civil Procedure.

3. This Court is authorized to render and provide injunctive relief pursuant to Massachusetts Rules of Civil Procedure.

4. This Court has jurisdiction over the Plaintiff's Federal law claims under the doctrine of pendent jurisdiction.

5. All of the actions, omissions and events complained of herein took or take place in the County of Middlesex, Commonwealth of Massachusetts and within the venue of this Court.

6. The amount in controversy exclusive of interest and costs exceeds the sum necessary for this Court to take jurisdiction.

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

### III. PARTIES

7. The Plaintiffs are Frank Salvucci, Sr., and Frank Salvucci, Jr., of 8 Falmouth Road, Watertown, Middlesex County, Massachusetts.

8. Defendant, Edward Deveau is sued individually and in his official capacity as the Chief of Police of the Watertown Police Department ("WPD"), who in that capacity is and was responsible for establishing or failing to establish the policies, practices and regulations for the conduct of the WPD and its officers and employees. Defendant is and was responsible for insuring that those other Defendants named herein obeyed regulations of the WPD, the Laws and Constitution of the Commonwealth of Massachusetts and the United States of America and was responsible for the training, supervision, discipline, and control of all members of the WPD. Defendant is and was the commanding officer of the other police personnel named herein as individual Defendants. Defendant is and was constitutionally and statutorily responsible also for the operation, practices, and totality of the conditions of the WPD and the City of Watertown and is sued individually and in his official capacity.

9. Defendant, Keith Parent is a police officer in the City of Watertown in the employ of the City of Watertown and is also sued as an individual.

10. Defendant, Joseph Deignan is a police officer in the City of Watertown in the employ of the City of Watertown and is also sued as an individual.

11. Defendant, Orlando Rodriquez is a police officer in the City of Watertown in the employ of the City of Watertown and is also sued as an individual.

12. Defendant, William Logue is a detective sergeant in the City of Watertown in the employ of the City of Watertown and is also sued as an individual.

13. Defendant, Hoiseth is a sergeant in the City of Watertown in the employ of the City of Watertown and is also sued as an individual.

14. Defendant, Leitner is a police officer in the City of Watertown in the employ of the City of Watertown and is also sued as an individual.

GOGUEN, McLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

3

15. Defendant, Dohohue is a police officer in the City of Watertown in the employ of the City of Watertown and is also sued as an individual.

### IV. FACTS

16. On or about January 12, 2001 Plaintiffs purchased their home at 8 Falmouth Road, Watertown, Massachusetts.

17. On or about January 31, 2001 an abutting neighbor, one Francis Dumornay introduced himself to Plaintiffs and shook hands with Plaintiffs. In a polite and respectful manner Plaintiff asked him to not park his car on his property. Mr. Dumornay then left the Plaintiffs' property without incident.

18. Without notice to Plaintiffs Mr. Dumornay called the WPD telling them that the Plaintiff threatened him.

19. Mr. Dumornay then commenced upon a campaign of threatening the Plaintiffs and his family with physical harm and even death.

20. As a result Plaintiff, Frank Salvucci, Jr., contacted the Deveau, Chief of Police of Watertown ("Defendant") and requested that he meet with him and his family.

21. Defendant, Deveau, then met with Plaintiffs at their home. Defendant, Deveau, recommended the Plaintiffs set up a video surveillance camera to tape the actions of Mr. Dumornay.

22. In response to Defendant, Deveau's request the Plaintiffs installed a video surveillance camera.

23. On or about October 31, 2001 Mr. Dumornay's dog attacked Plaintiff, Frank Salvucci, Jr.'s son, Plaintiff, Frank Salvucci, Sr's grandchild causing an extreme asthma attack and the boy having to be rushed to the hospital.

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

4

24. Following the dog attack Plaintiffs have experienced the following acts of Mr. Dumornay:

   a. parking his vehicle on Plaintiffs' property;

   b. dog defecation on Plaintiffs' property;

   c. chemical waste being disposed of on Plaintiffs' property;

   d. obscene gestures and actions including but not limited to racial and ethnic slurs and threats of death;

   e. a Death Cross being placed on Plaintiffs' property on or about March 29, 2002;

   f. slashing of Plaintiff, Frank Salvucci, Jr.'s car's tires; and

   g. filing of false applications for criminal complaints.

25. On June 21, 2002 there occurred a serious incident between Plaintiff, Frank Salvucci, Sr. and Mr. Dumornay.

26. Mr. Dumornay alleged that Plaintiff, Frank Salvucci, Sr., was trespassing on his property, an argument ensued and Mr. Dumornay telephoned the WPD.

27. Defendant, Orlando Rodriquez arrived at the scene then Defendant Officer Keith Parent appeared.

28. Defendant, Parent asked Mr. Dumornay to order Plaintiff, Frank Salvucci, Sr. off the property and Mr. Dumornay did so.

29. Plaintiff, Frank Salvucci, Sr., then began walking away. As Plaintiff, Frank Salvucci, Sr., was doing so Defendant, Parent came alongside of Plaintiff, Frank Salvucci, Sr., violently grabbing one of his arms while Defendant, Rodriquez grabbed the other arm and commenced handcuffing Plaintiff.

30. In the process of grabbing, punching and handcuffing Plaintiff, Frank Salvucci, Sr., (an 83 year old gentleman) he sustained serious personal injury. Said Plaintiff also incurred

GOGUEN, MCLAUGHLIN, RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

5

injuries at Court. Reasonable force required to restrain an elderly person who was "passive" in his objections to his arrest was <u>not</u> employed.

31. In addition to severe physical injury Plaintiff, Frank Salvucci, Sr., sustained and continues to endure serious emotional stress, trauma, bodily injury as well as great pain, suffering and anguish.

32. In addition to the facts aforesaid the Plaintiffs continue to endure harassment, ridicule and invasion of his constitutionally protected rights both Federal and State by the continuing wrongful conduct of each and every Defendant who have lodged false complaints against Plaintiffs, falsified police reports and testimony as well as having engaged in harassment of Plaintiffs by stalking Plaintiffs and their family and failing to acknowledge any of Plaintiffs' legitimate complaints.

33. False police reports were prepared and filed by Defendants, Edward, Deveau, Sergeant Hoiseth, Officer Leitner, and Officer Donohue.

34. Defendant, William Logue caused false changes to be filed against Plaintiffs as well as misrepresented that an investigation of Plaintiffs complaints had been conducted when in fact no such action had been undertaken.

35. Defendants Leitner and Defendant Deignan have harassed and stalked Plaintiffs without reason or provocation by coming into close contact with Plaintiffs, pulling cruisers up behind Plaintiffs, issuing false traffic tickets, and parking in front of Plaintiffs home in cruisers.

36. Federal and State rights as well as the rights afforded Plaintiffs by the WPD as promulgated by the regulations of the WPD guarantee Plaintiffs and other Watertown citizens certain minimal standards and conduct with respect to Plaintiff's safety, health, well-being and security which each and every Defendant has failed to provide to Plaintiffs.

## COUNT I

## VIOLATION OF CIVIL RIGHTS

37. The Plaintiffs restate and incorporate herein by reference allegations 1 through 32 as though specifically set forth herein.

38. The acts of the Defendants which included but were not limited to unlawful entry onto

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

6

Plaintiffs' property, and wrongful assaulting and battering without provocation by Defendants, Parent, Deignan and Rodriquez, the harassment and denial of the Plaintiffs' right to privacy and to be secure in his person and home and failure to give Plaintiffs their rights, denied Plaintiffs the exercise of their enjoyment of those rights secured by the Constitution and/or Laws of the United States and/or Commonwealth of Massachusetts all without due process of law were engaged in by each and every Defendant.

39. The Plaintiffs have the lawful right to be secure in their person and home and free from assault and battery and illegal arrest and the wrongful preventing of their right to movement and privacy and their other rights herein set forth.

40. The acts by each and every Defendant was intentional.

41. The interference with and/or attempted interference with said rights was accomplished by intimidation or coercion as well as assault and battery to force Plaintiff to submit to the will and power of the Watertown police in a matter in which said police had no right to exercise said power and authority.

42. As a result of the acts of each and every Defendant, which were conducted without legal process, the civil rights of the Plaintiffs under civil rights granted to them by the Commonwealth of Massachusetts and the Government of the United States have been violated.

43. The Plaintiffs have been severely damaged by the violation of his civil rights and hereby claims actual as well as punitive and statutory damages, attorney's fees, costs and expenses.

## COUNT II

## ASSAULT AND BATTERY

44. The Plaintiffs restate and incorporate herein by reference allegations 1 through 39 as though specifically set forth herein.

45. Defendants, Parent, Deignan and Rodirquez did assault and batter the Plaintiff, Frank Salvucci, Sr., placing him in a reasonable fear of harm and in fact harming him.

46. Defendants, Parent, Deignan and Rodirquez had the ability to effect the harm and did so with a specific intent and malice and at least was accomplished through reckless and wanton misconduct.

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

7

47. Defendants, Parent, Deignan and Rodirquez had an independent purpose associated with the enforcement of law and acted in a spirit which evidenced a gratification of personal anger, frustration and vengeance.

48. As a result of being assaulted and battered by Defendants, Parent, Deignan and Rodirquez Plaintiffs have been severely damaged as to his expenses, humiliation, indignity, and injury to his person and emotions.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. The Plaintiffs restate and incorporate herein by reference allegations 1 through 44 as though specifically set forth herein.

50. Each and every Defendant intended or had knowledge or reason to know that their conduct above described did inflict emotional distress upon the Plaintiffs.

51. The actions of each and every Defendant as hereinbefore related were extreme, outrageous and beyond all possible bounds of decency to the point of being utterly intolerable in a civilized and lawful society.

52. The conduct of each and every Defendant has caused serious distress to the Plaintiffs including but not limited to physical injury and distrust of law enforcement officers in the City of Watertown.

53. The distress inflicted by each and every Defendant was severe and of such a nature that a reasonable person could not be expected to endure it.

54. As a result of the actions of each and every Defendant, Plaintiffs have been seriously damaged.

## COUNT IV

### VIOLATION OF 42 U.S.C. §§ 1983 and 1988

55. The Plaintiffs restate and incorporate herein by reference allegations 1 through 50 as though specifically set forth herein.

56. As a direct and proximate cause and consequence of he conduct, acts and omissions of

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

the Defendants herein, the Defendants are liable under 42 U.S.C. §§ 1983 and 1988, as follows:

A. Defendant, Chief of Police Edward Deveau, caused the Plaintiff to be subjected to a deprivation of the Plaintiff's rights.

   (i) first amendment right to legitimate protest and speech;

   (ii) fourth and fourteenth amendment right to freedom from unreasonable searches and seizures of his person;

   (iii) fourth, fifth and fourteenth amendment rights to freedom from gross invasion of privacy; and

   (iv) fourth and fourteenth amendment rights to be free from unreasonable and excessive use of force upon his person and detention.

B. Each and every Defendant caused the Plaintiffs to be subjected to deprivation of the Plaintiff's rights.

   (i) fourth, fifth and fourteenth rights to freedom from gross invasion of privacy;

   (ii) fourteenth amendment liberty interest and right to freedom from unjustified intrusions upon Plaintiffs physical and emotional security;

   (iii) fourteenth amendment liberty interest and right in bodily safety in the circumstances of being a resident of the City of Watertown;

   (iv) fourteenth amendment liberty interest in an expectation of minimal standards for the physical and emotional treatment with respect to safety, health and well-being and security.

**WHEREFORE**, Plaintiffs pray that this Court;

   (A) Declare that each of the Defendants, individually and collectively, subjected the Plaintiffs to conditions and engaged in conduct which caused Plaintiffs to be subjected to the deprivation of one or more of their constitutional rights;

   (B) Preliminarily enjoin Chief of Police, Deveau and each and every other Defendant individually and collectively, their agents and employees from

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

9

engaging in the practice of utilizing force and inflicting injury upon Plaintiffs, from harassing, intimidating Plaintiffs and ignoring Plaintiffs' legitimate complaints of criminal activity by others.

(C) Award Plaintiffs damages for the intentional infliction of emotional distress, and assault and battery;

(D) Award Plaintiffs compensatory damages for the deprivation of one or more of the constitutional rights and statutory rights;

(E) Award punitive damages against each and every Defendant;

(F) Award Plaintiffs interest;

(G) Grant such other relief as law and equity allows, including costs and reasonable attorney's fees.

(H) Permit a trial by jury which the Plaintiffs hereby demand.

DATED: November 1, 2004

Respectfully Submitted
Plaintiffs, Frank Salvucci, Sr. & Frank Salvucci, Jr.
By Their Attorney,

_____
Theodore H. Goguen, Jr., Esq.
(BBO # 196740)
GOGUEN, MCLAUGHLIN, RICHARDS
& MAHANEY, LLP
2 Pleasant Street
S. Natick, MA 01760
(508) 651-1000

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

10