UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK SALVUCCI, SR. and <br> FRANK SALVUCCI, JR., <br> Plaintiffs, <br> v. <br><br> WATERTOWN POLICE DEPARTMENT, <br> EDWARD DEVEAU, INDIVIDUALLY <br> AND AS CHIEF OF POLICE, OFFICER <br> KEITH PARENT, OFFICER ORLANDO <br> RODRIQUEZ, SERGEANT JOSEPH <br> DEIGNAN, SERGEANT WILLIAM <br> LOGUE, SERGEANT HOISETH, <br> OFFICER LEITNER, AND OFFICER <br> DONOHUE, AND AS TO EACH <br> INDIVIDUALLY, <br> Defendants. | CIVIL ACTION NO. 04CV12351 BEK |

## ANSWER BY DEFENDANTS WATERTOWN POLICE DEPARTMENT, CHIEF EDWARD DEVEAU, OFFICER KEITH PARENT, OFFICER ORLANDO RODRIQUEZ, SERGEANT JOSEPH DEIGNAN, SERGEANT WILLIAM LOGUE, SERGEANT HOISETH, OFFICER LEITNER AND OFFICER DONOHUE AND JURY DEMAND

Now come Defendants Watertown Police Department, Chief Edward Deveau, Officer Keith Parent, Officer Orlando Rodriquez, Sergeant Joseph Deignan, Sergeant William Logue, Sergeant Hoiseth, Officer Leitner and Officer Donohue in the above-entitled matter, and hereby file, their answer to the plaintiff's Complaint as follows:

### I. INTRODUCTION

This paragraph does not call on the defendants to make a response. To the extent the defendants must respond, the defendants deny the contents of the paragraph.

### II. JURISDICTION AND VENUE

1. Neither admitted nor denied as this paragraph calls for legal conclusions.

2. Neither admitted nor denied as this paragraph calls for legal conclusions.

3. Neither admitted nor denied as this paragraph calls for legal conclusions.

4. Neither admitted nor denied as this paragraph calls for legal conclusions.

5. Neither admitted nor denied as this paragraph calls for legal conclusions.

6. Neither admitted nor denied as this paragraph calls for legal conclusions.

### III.     PARTIES

7. Defendants are without sufficient information to admit or deny.

8. Admitted.

9. Admitted to the extent that Keith Parent is a police officer in the City of Watertown in the employ of the City of Watertown. As to the remainder of the paragraph, defendants neither admit nor deny the remainder of the paragraph calls for legal conclusions.

10. Admitted to the extent that Joseph Deignan is a police officer in the City of Watertown in the employer of the City of Watertown. As to the remainder of the paragraph, defendants neither admit nor deny as the remainder of the paragraph calls for legal conclusions.

11. Admitted to the extent that Orlando Rodriquez is a police officer in the City of Watertown in the employer of the City of Watertown. As to the remainder of the paragraph, defendants neither admit nor deny as the remainder of the paragraph calls for legal conclusions.

12. Admitted to the extent that William Logue is a detective sergeant in the City of Watertown in the employer of the City of Watertown. As to the remainder of the paragraph, defendants neither admit nor deny as the remainder of the paragraph calls for legal conclusions.

13. Admitted to the extent that Hoiseth is a sergeant in the City of Watertown in the employer of the City of Watertown. As to the remainder of the paragraph, defendants neither admit nor deny as the remainder of the paragraph calls for legal conclusions.

14. Admitted to the extent that Leitner is a police officer in the City of Watertown in the employer of the City of Watertown. As to the remainder of the paragraph, defendants neither admit nor deny as the remainder of the paragraph calls for legal conclusions.

15. Admitted to the extent that Donohue is a police officer in the City of Watertown in the employer of the City of Watertown. As to the remainder of the paragraph, defendants neither admit nor deny as the remainder of the paragraph calls for legal conclusions.

## IV.    FACTS

16. Defendants are without sufficient knowledge to admit or deny.

17. Defendants are without sufficient knowledge to admit or deny.

18. Defendants are without sufficient knowledge to admit or deny.

19. Defendants are without sufficient knowledge to admit or deny.

20. Defendants are without sufficient knowledge to admit or deny.

21. Denied.

22. Defendants are without sufficient information to admit or deny.

23. Defendants are without sufficient information to admit or deny.

24. Defendants are without sufficient information to admit or deny.

    a.  Defendants are without sufficient information to admit or deny.

    b.  Defendants are without sufficient information to admit or deny.

    c.  Defendants are without sufficient information to admit or deny.

    d.  Defendants are without sufficient information to admit or deny.

  e. Defendants are without sufficient information to admit or deny.

  f. Defendants are without sufficient information to admit or deny.

  g. Defendants are without sufficient information to admit or deny.

25. Defendants are without sufficient information to admit or deny.

26. Admitted.

27. Admitted.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## COUNT 1

### VIOLATION OF CIVIL RIGTHS

37. Defendants reassert and reallege all answers in paragraphs 1 through 36, above, and incorporate each herein by reference.

38. Denied.

39. Admitted.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## COUNT II

## ASSAULT AND BATTERY

44. Defendants reassert and reallege all answers in paragraphs 1 through 43, above, and incorporate each herein by reference.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. Defendants reassert and reallege all answers in paragraphs 1 through 48, above, and incorporate each herein by reference.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## COUNT IV

## VIOLATION OF 42 U.S.C. §§ 1983 AND 1988

55. Defendants reassert and reallege all answers in paragraphs 1 through 54, above, and incorporate each herein by reference.

56. Denied.

A. Denied.

    (i) Denied;

    (ii) Denied;

    (iii) Denied;

    (iv) Denied.

B. Denied.

    (i) Denied;

    (ii) Denied;

    (iii) Denied;

    (iv) Denied.

As to the prayers for relief:

    (A) Denied;

    (B) Denied;

    (C) Denied;

    (D) Denied;

    (E) Denied;

    (F) Denied;

    (G) Denied.

## FIRST DEFENSE

Process and service of process are insufficient.

## SECOND DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### THIRD DEFENSE

This Court lacks subject matter jurisdiction.

### FOURTH DEFENSE

The named defendant police officers are immune from liability and suit based upon the doctrine of qualified immunity. Defendant police officers were at all time acting within the scope of their discretionary authority and with the reasonable, good faith belief that their actions were lawful.

### FIFTH DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted against the Defendants under 42 U.S.C. §1983.

### SIXTH DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted against the Defendant Officers that Defendant Officers deprived plaintiff of his Federal Constitutional and statutory rights while under color of law.

### SEVENTH DEFENSE

Plaintiffs were contributorily negligent sufficient to bar recovery; should plaintiffs be allowed to recover, which defendants oppose, said recovery shall be reduced pro rata to the percentage of plaintiffs' own negligence.

### EIGHTH DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted against the defendant Officers under M.G.L. c. 12 §11I. The defendant Officers did not, through threats, intimidation or coercion, interfere with or attempt to interfere with plaintiff's exercise or enjoyment of their civil rights under M.G.L. c. 12 §11I.

### NINTH DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted against defendants as to Count I.

### TENTH DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted against defendants as to Count II.

## ELEVENTH DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted against defendants as to Count III.

## TWELFTH DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted against defendants as to Count IV.

## THIRTEENTH DEFENSE

If the plaintiffs were injured or damaged as alleged, which is denied, it was not as a result of the acts or omissions of any of the defendants or anyone for whom the defendants are legally liable or responsible.

## FOURTEENTH DEFENSE

Punitive damages are not appropriate as against the defendants.

## FIFTEENTH DEFENSE

Defendants did not use intentional or unjustified force against the plaintiff Frank Salvucci, Sr. but the force used was necessary to effectuate the plaintiff's arrest.

## SIXTEENTH DEFENSE

Defendants adequately trained and supervised its police officers.

## SEVENTEENTH DEFENSE

The plaintiffs lack standing.

## EIGHTEENTH DEFENSE

Defendants did not act recklessly or with callous indifference in regards to plaintiffs' Federal Constitutional rights.

## NINETEENTH DEFENSE

Plaintiffs failed to make proper presentment of the claim, under G.L. ch. 258, thereby barring recovery.

WHEREFORE, Defendants Watertown Police Department, Chief Edward Deveau, Officer Keith Parent, Officer Orlando Rodriquez, Sergeant Joseph Deignan, Sergeant William Logue, Sergeant

Hoiseth, Officer Leitner, and Officer Donohue demand that plaintiffs' complaint be dismissed and that defendants be awarded its costs and attorney fees in defense of this complaint.

## JURY DEMAND

Defendants demand a trial by jury on all counts and issues so triable.

> Defendants,
> WATERTOWN POLICE DEPARTMENT, EDWARD DEVEAU, OFFICER, KEITH PARENT, OFFICER ORLANDO RODRIQUEZ, SERGEANT JOSEPH DEIGNAN, SERGEANT WILLIAM LOGUE, SERGEANT HOISETH, OFFICER LEITNER AND OFFICER DONOHUE,
> By their attorneys,
>
> _____
> David M. Thomas, BBO No. 496100
> Jessica L. Mooney, BBO No. 658822
> DONOVAN HATEM LLP
> Two Seaport Lane
> Boston, MA 02210
> 617-406-4500

Dated: January 11, 2005

00884787/4800.347

## CERTIFICATE OF SERVICE

I, Jessica L. Mooney, hereby certify that on this day I caused a copy of the foregoing document, to be sent by first class mail, postage prepaid to the following:

Theodore H. Goguen, Jr., Esq.
Goguen, McLaughlin, Richards & Mahoney, LLP
2 Pleasant Street
S. Natick, MA 01760

Dated: January 11, 2005

Jessica L. Mooney

00887970/4800.347