UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 04-12351REK

**FRANK SALVUCCI, SR, and**
**FRANK SALVUCCI, JR.**
    Plaintiffs,

v.

**TOWN OF WATERTOWN POLICE DEPARTMENT,**
**EDWARD DEVEAU, Individually and as Chief of Police,**
**OFFICER KEITH PARENT, OFFICER ORLANDO RODRIGUEZ,**
**SGT. JOSEPH DEIGNAN, SGT. WILLIAM**
**LOGUE, SGT. HOISETH, OFFICER LETTNER**
**and OFFICER DONAHUE,**
    Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR SUMMARY JUDGMENT**

**I.**    **STATEMENT OF THE CASE:**

Plaintiffs, Frank Salvucci, Sr. and Frank Salvucci, Jr., bring this action against the Defendants Town of Watertown Police Department, Chief Edward Deveau (individually and as Chief of Police), Officer Keith Parent, Officer Orlando Rodriguez, Sergeant Joseph Deignan, Sergeant William Logue, Sergeant Hoiseth, Officer Lettner, and Officer Donahue.  Specifically, the Plaintiffs assert that their civil rights were violated, pursuant to Sections 1983 and 1988.  In addition, the Plaintiffs assert that the Defendants assaulted and battered the Plaintiff Frank Salvucci, Sr., and intentionally inflicted emotional distress on the Plaintiffs Frank Salvucci Sr. and Frank Salvucci, Jr.

II.   **ARGUMENT**

    A.   **The Plaintiffs' Claims for Civil Rights Violations for False Arrest or Imprisonment must Fail**.

The Plaintiffs' claim for civil rights violations must fail as a matter of law. The Plaintiffs assert that they were falsely arrested, and that Frank Salvucci, Sr. was subjected to unreasonable use of force when he was arrested.

The Plaintiff Frank Salvucci, Sr. was arrested on June 21, 2002 by the Watertown Police, and charged with trespassing and disturbing the peace. He was convicted and received a 30-day suspended sentence for trespassing on the Dumornay's property.

The Plaintiff Frank Salvucci, Jr. was never arrested by the Watertown Police. He was charged with criminal harassment and criminal civil rights violations against the Dumornays. Frank Salvucci, Jr. was convicted of these charges, received a suspended sentence, and was ordered to avoid the Dumornay family.

Any claim for false arrest or false imprisonment must be dismissed, based on the fact that the Plaintiffs were both convicted of the criminal charges brought against them. Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364 (1994). A Section 1983 Plaintiff must prove that the conviction has been reversed or declared invalid in order to pursue a Section 1983 claim. (Id.) Nieves v. McSweeney, 241 F3rd. 46, 53 (First Cir. 2001.) Further, the Supreme Court held that a Section 1983 claim that calls into question the lawfulness of a criminal conviction or confinement does not accrue until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. In doing so, the Court reasoned that this rule would prevent collateral attacks on the validity of

outstanding criminal judgments through a civil damages action. (Id.)

The Plaintiffs' were both convicted of the criminal charges against them. Both of the convictions still stand. Accordingly, this Court must accept that Frank Salvucci, Sr. trespassed onto the Dumornay's property, and that Frank Salvucci, Jr. committed criminal civil rights violations against the Dumornays and dismiss any claims for false arrest or false imprisonment.

**B.    Plaintiffs' Claim for Failing to Provide Adequate Police Protection Must Fail.**

If the Plaintiffs are asserting that the Town and the Defendants are liable under Section 1983 for failing to provide adequate police protection, this claim must also fail. The Plaintiffs have failed to plead with any specificity in any way that the Defendants failed to provide adequate police protection.

The Fourteenth Amendment mandates that no state, "deny to any person within its jurisdiction the equal protection of the laws." U.S. Constitution Amendment XIV. Although there is no constitutional right to police protection, state executive and law enforcement officials may not "selectively deny protective services to certain disfavored minorities." DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 109 S. Ct. 998 (1989). In DeShaney, the Court reasoned that if the due process clause does not require the state to provide its citizens with particular protective services, it follows that the state cannot be held liable under the clause for injuries that could have been averted had it chosen to provide them. (Id.) As a general matter, a state's failure to protect an individual against private violence simply does not constitute a violation of the due process clause. (Id.)

First, the Plaintiffs have failed to identify a minority status that the Watertown Police discriminated against. Moreover, the Plaintiffs have failed to show that the police selectively denied protective services. They police responded to the Dumornays and the Salvucci's combined over fifty times, they prepared police reports in response to the calls. Further, the Chief of Police assigned two officers to each call. The Watertown Police did all they could do to address two neighbors who were in a constant dispute  Accordingly, any claim for failure to provide adequate police protection is without merit and must be dismissed.

      **C.**      **<u>Plaintiff's Claim for Excessive Force and Assault and Battery Must Fail</u>**.

With regard to Mr. Salvucci Sr.'s claims of excessive force and assault and battery, these counts must be dismissed. Excessive force claims arising out of arrests are analyzed under the Fourth Amendment's proscription of unreasonable searches and seizures. <u>Bastien v. Goddard</u>, 279 F.3rd 10, (First Cir. 2002). To prevail on such a claim, a plaintiff must establish that the police defendant's actions were not objectively reasonable, viewed in the light of the facts and circumstances confronting him, without regard to his underlying intent or motivation. (<u>Id.</u>) The relevant circumstances include: 1) the severity of the crime at issue; 2) whether the suspect poses an immediate threat to the safety of the officer or others; and 3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight. <u>Alexsis v. McDonald's</u>, 67 F.3rd, 352. This inquiry must consider the totality of the circumstances from the officer's perspective at the time of the incident, not with the 20-20 vision of hindsight. (<u>Id.</u>)

Frank Salvucci, Sr., alleges that he was subjected to assault and battery and excessive force when he was arrested on June 21, 2002 by the police. He alleges that he suffered injuries

to his shoulder, his knee, and his elbow.

It is clear that the officers named as Defendants in this matter who were not at the arrest of Frank Salvucci, Sr. could not have used excessive force against him and therefore must be dismissed.

Furthermore, pursuant to Frank Salvucci Sr.'s testimony the only two individuals who are alleged to have touched Frank Salvucci, Sr. are Officers Rodriguez and Parent.  Therefore, all remaining Defendants must be dismissed from the claim of excessive force.

With regard to the allegations pertaining to Officers Rodriguez and Parent, the claim for excessive force must be dismissed.  The record in this matter does not establish the use of excessive force by these officers.

The plaintiff, Frank Salvucci, Sr. was trespassing.  We must accept this as true as he was convicted of the crime.  The police had an obligation to remove him from the neighbor's property.  The officers admit that Mr. Salvucci was passively resistant so some force was necessary to remove him from the Dumornay's property.   The officers handcuffed him and transported him to the station.  The officers were trained to always handcuff prisoners and this included Mr. Salvucci and accordingly they acted pursuant to their training.

It is not enough that an individual is uncomfortable when arrested to amount to excessive force.  Baughan v. Pelletier, 2005 WL 1631062 July 8, 2005.  Handcuffing a detainee is a standard police practice absent evidence that the handcuffs were incorrectly applied or applied so as to cause physical injury, this does not constitute excessive force.  Neague v. Cynkar, 258 Fd 3rd 504, 508 6th Cir (2001).  In the context of placing an individual under arrest, use of handcuffs alone cannot amount to excessive force.  McDermott v. Town of Wydham, 204 Fed Sup 2nd 54

(2002). The burden is on the Plaintiff to establish that there was degree of physical coercion greater than typically attendant to an arrest. Graham v. Connor, 490 US 386 (1989) Based on the fact that a particular use of force must be judged from the perspective of a reasonable officer on the scene rather than with twenty-twenty vision hindsight, Plaintiff's allegations of excessive force must fail. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment. Johnson v. Glick 481 Fed 2nd (1973).

Clearly, the officers used the minimum amount of force necessary to effectuate the arrest of Mr. Salvucci. Accordingly, the officers cannot be liable for using excessive force or assault and battery.

### D. The Plaintiffs' Claim for Intentional Infliction of Emotional Distress Must Be Dismissed.

#### 1. Individual Defendants

The Plaintiff Frank Salvucci, Jr.'s claim for intentional inflicition of emotional distress must fail as he was never arrested by the police nor did he have any physical interaction with the police.

With regard to Frank Salvucci Sr., his claim must also fail as he has not set forth a prima facie case of intentional infliction of emotional distress with regard to the individual Defendants. In order to successfully state a claim for intentional infliction of emotional distress, the Plaintiff must establish the following four elements:

1. that the actor intended to inflict emotional distress or he knew or should have known that emotional distress was the likely result of his conduct;

    2.    that the conduct was "extreme and outrageous" was "beyond all possible bounds of decency" and was "utterly intolerable in a civilized community";

    3.    that the actions of the defendant as the cause of the plaintiff's distress; and

    4.    that the emotional distress sustained by the plaintiff was "severe" and of a nature "that no reasonable man could be expected to endure it".

Agis v. Howard Johnson Co., 371 Mass. 140, 355 N.E.2d 315, 318-319 (1976).

In any action alleging intentional infliction of emotional distress the Court has discretion to dismiss the claim upon a review of the allegations. Redgrave v. Boston Symphony Orchestra, 557 F.Supp. 230, 236 (1983). The Court must determine whether conduct can reasonably be viewed as extreme and outrageous before submitting the issue to the jury for deliberation. Id. In the case at bar, the Plaintiff has failed to plead any facts against the Defendants to support the assertion that the Defendants knew that the likely result of their conduct would be the infliction of emotional distress.

    **2.**    **Defendant Town of Watertown:**

With regard to the Town of Watertown, a municipality cannot be held liable for intentional infliction of emotional distress because a municipality cannot be held liable for intentional acts of its employees. G.L. 258.

    **E.**    **The Defendants must Be Qualifiedly Immune from Liability.**

If this Court determines that the individual Defendants did violate the plaintiff's civil rights, they must be qualifiedly immuned from liability.

A three-part test must be applied to determine whether an official is entitled to qualified

immunity. Hatch v. Dep't of Children, Youth & Their Families, 274 F.3d 12, 20 (1st Cir.2001), following the guidance provided by the Supreme Court, Wilson v. Layne, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999); County of Sacramento v. Lewis, 523 U.S. 833, 841 n. 5, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Siegert v. Gilley, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). The threshold inquiry is whether the Plaintiff's allegations, if true, establish a constitutional violation. Hope v. Pelzer, --- U.S. ----, 122 S.Ct. 2508, 2513, --- L.Ed.2d ---- (2002); Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); Siegert, 500 U.S. at 232, 111 S.Ct. 1789. The Defendants dispute that there is any evidence of a constitutional violation.

The second question is whether the right was clearly established at the time of the alleged violation. That inquiry is necessary because officers should be on notice that their conduct is unlawful before they are subject to suit. Hope, 122 S.Ct. at 2516-18; Anderson v. Creighton, 483 U.S. 635, 638-40, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

The third is whether a reasonable officer, similarly situated, would understand that the challenged conduct violated that established right. Swain v. Spinney, 117 F.3d 1, 9 (1st Cir. 1997). The question of whether a right is clearly established is an issue of law for the court to decide. Elder v. Holloway, 510 U.S. 510, 516, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994). The reasonableness inquiry is also a legal determination, although it may entail preliminary factual determinations if there are disputed material facts (which should be left for a jury). Swain, 117 F.3d at 10.

With regard to this analysis, the Plaintiffs allege that they were falsely arrested and subjected to excessive force.  The Defendants acted reasonably when they arrested Frank Salvucci Sr.   Accordingly, the Defendants acted reasonable and must be quailifiedly immune from liability.

## III.     CONCLUSION

For the foregoing reasons, all counts and claims against the Defendants must be dismissed.

>
> Defendants, Town of Watertown, Chief Edward Deveau, Officer Keith Parent, Officer Orlando Rodriguez, Sergeant Joseph Deignan, Sergeant William Logue, Sergeant Hoiseth, Officer Lettner and Officer Donahue,
> By their Attorneys,
>
> /s/ Regina M. Ryan
> Douglas I. Louison   BBO# 545191
> Regina M. Ryan BBO# 565246
> Merrick, Louison & Costello, LLP
> 67 Batterymarch Street
> Boston, MA 02110
> (617) 439-0305

## CERTIFICATE OF SERVICE

I, Regina M. Ryan, hereby certify that on the 15th day of May, 2006, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Theodore H. Gouguen, Jr., Esq., Goguen, McLaughlin, Richards & Mahaney, LLP, 2 Pleasant Street, South Natick, MA 01760.

> /s/ Regina M. Ryan
> Regina M. Ryan