UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEWART F. GROSSMAN, Chapter 7 Trustee of FRANK SALVUCCI, SR., and FRANK SALVUCCI, JR., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THE WATERTOWN POLICE DEPARTMENT, POLICE CHIEF EDWARD DEVEAU individually, and as Chief of Police, KEITH PARENT, ORLANDO RODRIQUEZ, JOSEPH DEIGNAN, WILLIAM LOGUE, SERGEANT HOISETH, OFFICER LEITNER, and OFFICER DONOHUE, | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 04-12351-JGD |
| Defendants. | ) ) | |

**OPPOSITION TO NOTICE OF WITHDRAWAL**

Attorney Theodore H. Goguen, Jr. ("Goguen"), counsel of record for plaintiff Stewart F. Grossman, Chapter 7 Trustee of Frank Salvucci Sr. (the "Trustee"), has filed a document styled "Notice of Withdrawal" (the "Notice"), purporting to withdraw his appearance in this case on behalf of the Trustee. The Trustee hereby files this opposition to the Notice.

Pursuant to LR 83.5.2 (c), an attorney may withdraw from a case by serving a notice only if four conditions are met: "(1) such notice is preceded or accompanied by a notice of the appearance of other counsel, (2) there are no motions pending before the court, (3) no trial date has been set, and (4) no hearings or conferences are scheduled, and no reports, oral or written,

are due." If all these conditions are not met, then the rule provides that an attorney may withdraw from a case "only by leave of court."

Here two of the four conditions have not been met. There is no notice of the appearance of other counsel. And there is a written report due, specifically a joint report by counsel with proposed trial dates that is due on December 18, 2007. Thus Goguen cannot withdraw without leave of this Court.

If the Court decides to treat the Notice as a motion by Goguen requesting leave of Court to withdraw, then the Trustee opposes such motion. A claim for denial of civil rights under 42 U.S.C. § 1983, such as the instant case, requires an attorney skilled in handling that detailed body of law. Here there is no appearance of any other counsel. Without competent counsel, the Trustee will be unable to pursue the claim.

Thus the Trustee opposes the withdrawal of Goguen unless the Trustee is given an adequate period of time within which to find new counsel. Given the time of year, the specialized nature of the claim, and the interplay of the claim with the bankruptcy case of Frank Salvucci Sr., the Trustee believes that, if he is to be required to obtain new counsel, then he should be given through February 29, 2008 for new counsel to appear in this case. Similarly, he believes that if he is to be required to obtain new counsel, then the deadline for filing the written report required by the Court should be extended to a date after February 29, 2008.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

1. Deeming the Notice ineffective to withdraw Goguen from the case;

2. If the Court treats the Notice as a motion by Goguen for leave to withdraw, granting such leave only if the Trustee is given through February 29, 2008 for new counsel to appear in

this case and if the deadline for filing the written report required by the Court is extended to a date after February 29, 2008; and

    3. Granting such other and further relief as the Court deems just and appropriate.

                    Respectfully submitted,

                    STEWART F. GROSSMAN, CHAPTER 7
                       TRUSTEE OF FRANK SALVUCCI, SR.,

                    By his attorney[1],

                    /s/ Adam J. Ruttenberg
                    Adam J. Ruttenberg, BBO 553158
                    LOONEY & GROSSMAN LLP
                    101 Arch Street
                    Boston, MA 02110
                    (617) 951-2800

Dated:  December 6, 2007

---

[1] The undersigned is the attorney for the Trustee in the bankruptcy case of Frank Salvucci Sr. only, and does not intend by filing this opposition to represent the Trustee in the instant action in this Court other than with respect to the instant opposition, as the undersigned would not be competent to provide such representation.

## CERTIFICATE OF SERVICE

I, Adam J. Ruttenberg, hereby certify that on December 6, 2007, a true copy of **Opposition to Notice of Withdrawal** was served on the following by first-class mail, postage prepaid:

> Frank Salvucci, Jr.
> 8 Falmouth Road
> Watertown, MA  02472
>
> Frank Salvucci, Sr.
> 29 Puritan Road
> Watertown, MA  02472
>
> Geraldine Kluska, Esq.
> 230 Monsignor O'Brien Highway
> Cambridge, MA  02141
> (bankruptcy attorney to Frank Salvucci, Sr.)

I understand that this pleading, filed through the ECF system will be sent electronically on December 6, 2007 to the following:

- **Theodore H. Goguen, Jr.**   tgoguen@gmrmlaw.com
- **Douglas I. Louison**   dlouison@merricklc.com usdc@merricklc.com
- **Regina M. Ryan**   rryan@merricklc.com usdc@merricklc.com

                                               /s/ Adam J. Ruttenberg
                                               Adam J. Ruttenberg