**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

**CA NO. 04-12351REK**

**FRANK SALVUCCI, SR, and
FRANK SALVUCCI, JR.**
     **Plaintiffs,**

**v.**

**TOWN OF WATERTOWN POLICE DEPARTMENT,
EDWARD DEVEAU, Individually and as Chief of Police,
OFFICER KEITH PARENT, OFFICER ORLANDO RODRIGUEZ,
SGT. JOSEPH DEIGNAN, SGT. WILLIAM
LOGUE, SGT. HOISETH, OFFICER LETTNER
and OFFICER DONAHUE,**
     **Defendants.**

**<u>DEFENDANTS' JURY INSTRUCTIONS</u>**

Douglas I. Louison BBO# 545191
Regina M. Ryan BBO# 565246
Louison, Costello, Condon & Pfaff, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

**JURY INSTRUCTION NO. 1**

Excessive force claims arising out of arrests are analyzed under the Fourth Amendment's proscription of unreasonable searches and seizures. <u>Bastien v. Goddard</u>, 279 F.3rd 10, (First Cir. 2002). To prevail on such a claim, a plaintiff must establish that the police defendant's actions were not objectively reasonable, viewed in the light of the facts and circumstances confronting him, without regard to his underlying intent or motivation. (<u>Id.</u>) The relevant circumstances include: 1) the severity of the crime at issue; 2) whether the suspect poses an immediate threat to the safety of the officer or others; and 3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight. <u>Alexsis v. McDonald's</u>, 67 F.3rd, 352. This inquiry must consider the totality of the circumstances from the officer's perspective at the time of the incident, not with the 20-20 vision of hindsight. (<u>Id.</u>)

**<u>JURY INSTRUCTION NO. 2</u>**

       It is not enough that an individual is uncomfortable when arrested to amount to excessive force. <u>Baughan v. Pelletier</u>, 2005 WL 1631062 July 8, 2005.   Handcuffing a detainee is a standard police practice absent evidence that the handcuffs were incorrectly applied or applied so as to cause physical injury, this does not constitute excessive force. <u>Neague v. Cynkar</u>, 258 Fd 3rd 504, 508 6th Cir (2001).

## JURY INSTRUCTION NO. 3

In the context of placing an individual under arrest, use of handcuffs alone cannot amount to excessive force.  McDermott v. Town of Wydham, 204 Fed Sup 2nd 54 (2002).   The burden is on the Plaintiff to establish that there was a degree of physical coercion greater than typically attendant to an arrest.   Graham v. Connor, 490 US 386 (1989).

## JURY INSTRUCTION NO. 4

Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment.  <u>Johnson v. Glick</u> 481 Fed 2nd (1973).

## **JURY INSTRUCTION NO. 5**

It is well established that the handcuffing of a suspect incident to a lawful arrest is constitutional. <u>Neague v. Cynkar, 258 F.3d 504,</u> 508 (6th Cir.2001). It may be true that it was unnecessary ... to handcuff the plaintiff at all, but in the context of placing an individual under arrest, use of handcuffs alone cannot amount to excessive force.  Id.

**JURY INSTRUCTION NO. 6**

Under Massachusetts law, if an officer is authorized to make an arrest, he or she "may use such force as is reasonably necessary to effect the arrest". <u>Dean v. City of Worcester</u>, 924 F 2nd 364, 369 (1st Cir. 1991).

**JURY INSTRUCTION NO. 7**

The reasonableness of the particular use of force must be judged from the perception of a reasonable officer on the scene.  <u>Graham v. Connor</u>, 490 US 386, 393 (1989).

## JURY INSTRUCTION NO. 8

In the Fourth Amendment setting, a viable excessive force claim must demonstrate that the police defendant actions were not objectively reasonable, viewed in light of the facts and circumstances confronting him and without regard to his underlying intent or motivation.  Alexis v. McDonald's Restaurant of Massachusetts, Inc, 67 F.3rd 341, 352 (1st Cir. 1995).

## JURY INSTRUCTION NO. 9

The Supreme Court has noted that the officer's objective good faith, that is, whether he could reasonably have believed that the force used did not violate the Fourth Amendment, may be relevant to the availability of the qualified immunity defense to monetary liability under Section 1983.  Graham, 490 US at 399.

## JURY INSTRUCTION NO. 10

Inquiry as to whether officers are entitled to qualified immunity for the use of excessive force is distinct from inquiry on the merits of the excessive force claim.  Saucier v. Katz  533 U.S. 194, 121 S.Ct. 2151 (2001.)   If an officer reasonably, but mistakenly, believed that a suspect was likely to fight back, the officer would be justified in using more force than in fact was needed. Qualified immunity acknowledges that reasonable mistakes can be made as to the legal constraints on particular police conduct. An officer might correctly perceive all of the relevant facts, but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances.  Id.

## JURY INSTRUCTION NO. 11

Qualified immunity will often operate ''to protect officers from the sometimes hazy border between excessive and acceptable force.'' *Saucier v. Katz,* 533 U.S. 194, 206, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

## JURY INSTRUCTION NO. 12

You have the discretion to assess punitive damages in an action under 42 U.S.C. Sec. 1983 if and only if you find the police officer's conduct to have been motivated by evil motive or intent, or that it involved reckless or callous indifference to the rights of the plaintiff. Smith v. Wade, 461 U.S. 30, 103 S. Ct. 1625 (1983); Larez v. City of Los Angeles, 946 F.3d 630 (9th Cir. 1991). Moreover, punitive damages may not be awarded where actual damages suffice to deter a defendant's wrongdoing. Rosado v. Santiago, 562 F. 2d 114, 121 (1st Cir. 1977).