UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
STEWART F. GROSSMAN, CHAPTER 7      )
TRUSTEE OF FRANK SALVUCCI. SR.      )
        Plaintiff                   )
                                    )
v.                                  )   CIVIL ACTION
                                    )   NO. 04-12351-JGD
WATERTOWN POLICE DEPARTMENT,        )
et al                               )
        Defendants,                 )
_____ )
```

## PLAINTIFF'S TRIAL BRIEF

Pursuant to Local Rule 16.5(F) and the court's Amended Order, the Plaintiff submits the following information:

(a)  **Motions in Limine**:  None.

(b)(1)  **Statement of Claims and Defenses**

The Plaintiff, Frank Salvucci, Sr., claims that the Defendants, Keith Parent and Orlando Rodriguez, both officers of the Watertown Police Department, violated his rights by using excessive force while arresting him on June 21, 2002. The Plaintiff further claims that the force used by the Defendants constituted an assault and battery. The Plaintiff claims that he suffered personal injuries as a result of the Defendants' conduct. The Defendants deny that they used excessive force and claim that they used only such force as was necessary under the circumstances.

(b)(2)  **Proposed Voir Dire Questions**:  The Plaintiff proposes the following questions:

   a.   Is there anyone who believes that he/she cannot sit as an impartial juror because this case involves a claim brought by an individual citizen against a police officer?

   b.   Has any juror ever been employed as a police officer, or worked in a police department?

   c.   Does any juror have a relative or close friend who is, or has been, employed as a police officer or worked in a police department?

   d. If yes to (b) or (c), do you have any beliefs or opinions about an individual suing a police officer that would interfere with your ability to sit as an impartial juror in this case?

  (b)(3) **Requested Jury Instructions**.  The Plaintiff requests the following instructions:

   a. **Assault and Battery:** Under Massachusetts law, "[t]he critical question in an assault and battery claim against a police officer is whether the officer used intentional and unjustified force upon the person of another." Rose v. Town of Concord, 971 F.Supp. 47, 51 (D.Mass.1997) (citing Powers v. Sturtevant, 199 Mass. 265, 266 (1908)).  "An 'officer authorized to make an arrest may use such force as is reasonably necessary to effect the arrest,' " Rose, 971 F.Supp. at 51 (quoting Julian v. Randazzo, 380 Mass. 391, 396 n. 1 (1980)), but may not go "beyond what was reasonably necessary to secure both their own safety and the safety of the general public." See Rose, 971 F.Supp. at 51. Aceto v. Kachajian, 240 F.Supp.2d 121, 127 (D.Mass.,2003).

   b. **Excessive Force:**  The Fourth Amendment provides the right to be free from excessive force in the course of arrest. See Graham v. Connor, 490 U.S. 386, 394-395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).  A police officer may use such force as is reasonably necessary to arrest a suspect. The amount of force the arresting officer may use depends on the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others and whether the suspect is actively resisting arrest or attempting to avoid arrest by flight.  Godette v. Stanley, 490 F.Supp.2d 72, 77 (D.Mass.,2007); Graham, 490 U.S. at 396, 109 S.Ct. 1865.

  The plaintiff 'must demonstrate that the police defendant's actions were not objectively reasonable, viewed in light of the facts and circumstances confronting him and without regard to his underlying intent or motivation.' " Bastien v. Goddard, 279 F.3d 10, 14 (1st Cir.2002) (*quoting* Alexis v. McDonald's Rests. of Mass., 67 F.3d 341, 352 (1st Cir.1995)).  See Sietins v. Joseph, 238 F.Supp.2d 366, 376 (D.Mass.,2003).

  A routine behind-the-back handcuffing can constitute excessive force in violation of the Fourth Amendment when a non-threatening, non-flight-risk, cooperative person arrested for a minor crime informs the police that she has an injury to her shoulder, and requests that she be handcuffed with her hands in front.  Walton v. City of Southfield, 995 F.2d 1331 (6th Cir.1993); Aceto v. Kachajian, 240 F.Supp.2d 121, 124 -127 (D.Mass.,2003).

  Excessive force may also be found when the defendant police officers knew that the plaintiff had an injured arm but took no action to relieve pain from the injury, where the defendants believed that the plaintiff posed no threat to them.  See e.g. Walton v. City of Southfield, 995 F.2d 1331, 1342 (6th Cir.1993); Aceto v. Kachajian, 240 F.Supp.2d 121, 124 - 127 (D.Mass.2003)

   c. **Qualified Immunity:**  The Defendants are not entitled to qualified immunity under circumstances where "(1) the facts alleged show the defendants' conduct violated a constitutional right, and (2) the contours of this right are 'clearly established' under

then-existing law (3) such that a reasonable officer would have known that his conduct was unlawful." *See* Riverdale Mills Corp. v. Pimpare, 392 F.3d 55, 59-60 (1st Cir.2004); Berube v. Conley,506 F.3d 79, 82 (at Cir. 2007)

       d.    **Credibility of Witnesses**:  It will be your duty to decide any disputed questions of fact. You will have to determine which witnesses to believe, and how much weight to give their testimony. You should give the testimony of each witness whatever degree of belief and importance that you judge it is fairly entitled to receive. You are the sole judges of the credibility of the witnesses, and if there are any conflicts in the testimony, it is your function to resolve those conflicts and to determine where the truth lies.

You may believe everything a witness says, or only part of it or none of it. If you do not believe a witness's testimony that something happened, of course your disbelief is not evidence that it did *not* happen. When you disbelieve a witness, it just means that you have to look elsewhere for credible evidence about that issue.

In deciding whether to believe a witness and how much importance to give a witness's testimony, you must look at all the evidence, drawing on your own common sense and experience of life. Often it may not be *what* a witness says, but *how* he says it that might give you a clue whether or not to accept his version of an event as believable. You may consider a witness's character, his appearance and demeanor on the witness stand, his frankness or lack of frankness in testifying, whether his testimony is reasonable or unreasonable, probable or improbable. You may take into account how good an opportunity he had to observe the facts about which he testifies, the degree of intelligence he shows, whether his memory seems accurate.

You may also consider his motive for testifying, whether he displays any bias in testifying, and whether or not he has any interest in the outcome of the case.

       e.    **Impeachment by Prior Inconsistent Statement**:  When you evaluate how reliable a witness's testimony is, you may take into account whether that witness made an earlier statement that differs in any significant way from his present testimony at trial. It is for you to say how significant any difference is. The earlier statement is *not* itself evidence of any fact that is mentioned in it.

To repeat, if a witness's earlier statement is not consistent with his present testimony, you may take that into account when you determine how much belief to give that witness's present testimony from the witness stand. The prior statement is relevant *only* as to the witness's credibility, and you may *not* take it as proof of any fact contained in it.

Respectfully submitted,
The Plaintiff,
By his Attorneys,

*/s/ Jeffrey M. Sankey*
Jeffrey M. Sankey, BBO #551062
DOLAN CONNLY, P.C.
50 Redfield Street, Suite 202
Boston, MA 02122
(617) 265-3100
jsankey@dolanconnly.com

Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 31, 2008.

*/s/ Jeffrey M. Sankey*

4