UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 04-12351REK

FRANK SALVUCCI, SR, and
FRANK SALVUCCI, JR.
    Plaintiffs,

v.

TOWN OF WATERTOWN POLICE DEPARTMENT,
EDWARD DEVEAU, Individually and as Chief of Police,
OFFICER KEITH PARENT, OFFICER ORLANDO RODRIGUEZ,
SGT. JOSEPH DEIGNAN, SGT. WILLIAM
LOGUE, SGT. HOISETH, OFFICER LETTNER
and OFFICER DONAHUE,
    Defendants.

**DEFENDANTS, MOTION FOR JUDGMENT AS A MATTER
OF LAW PURSUANT TO FED.R.CIV.P. 50(a) AT THE CLOSE
OF THE PLAINTIFFS' CASE**

I. **The Plaintiff's Claim Pursuant to 42 USC Section 1983 Against the defendants Parent and Rodrigues Must Fail.**

With regard to the liability of the defendants Rodrigues and Parent for use of excessive force, there is no evidence to support the claim in the complaint. In fact, the evidence establishes just the opposite. Mr. Salvucci was charged criminally with trespassing and the minimal amount of force was used to effectuate the arrest.

Excessive force claims arising out of arrests are analyzed under the Fourth Amendment's proscription of unreasonable searches and seizures. Bastien v. Goddard, 279 F.3rd 10, (First Cir. 2002). To prevail on such a claim, a plaintiff must establish that the police defendant's actions were not objectively reasonable, viewed in the light of the facts and circumstances confronting him, without regard to his underlying intent or motivation. (Id.) The relevant circumstances include: 1) the severity of the crime at issue; 2) whether the suspect poses an immediate threat to the safety of the officer or others; and 3) whether the suspect is actively resisting arrest or

attempting to evade arrest by flight. <u>Alexsis v. McDonald's</u>, 67 F.3rd, 352. This inquiry must consider the totality of the circumstances from the officer's perspective at the time of the incident, not with the 20-20 vision of hindsight. (<u>Id.</u>) Further, not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment. <u>Johnson v. Glick</u> 481 Fed 2nd (1973).

It is not enough that an individual is uncomfortable when arrested, to amount to excessive force. <u>Baughan v. Pelletier</u>, 2005 WL 1631062 July 8, 2005. The burden is on the Plaintiff to establish that there was degree of physical coercion greater than typically attendant to an arrest. <u>Graham v. Connor</u>, 490 US 386 (1989). Based on the fact that a particular use of force must be judged from the perspective of a reasonable officer on the scene rather than with twenty-twenty vision hindsight, Plaintiff's allegations of excessive force must fail. Further, Mr. Salvucci was charged and convicted of criminal trespassing. Force was needed to remove him from the Dumornay's driveway. The officers testified that he was passively resistant in that he did not fight them but he would not leave voluntarily. Similarly, in an arrest for failure to disperse, pushing suspect to ground and kneeling on back was not excessive force notwithstanding suspect having informed officer of her pre-existing back and shoulder injuries. <u>Minor v. City of Chesterfield</u>, MO Slip Copy, 2007 WL 1610507 E.D.Mo.,2007. June 01, 2007. Further, Courts require that the police be made aware of a prexisting injury and there be some objective manifestation of the pre-existing injury to support an excessive force claim when handcuffing. <u>Guite</u> *147 F.3d at 750*. Mr. Salvucci never complained about any injury to his shoulder.

Clearly, the officers used the minimum amount of force necessary to effectuate the arrest of Mr. Salvucci. Accordingly, the officers cannot be liable for using excessive force or assault and battery.

2

II.  **The Individual Defendants Are Entitled to Qualified Immunity**[1]

Qualified immunity protects government officials, such as the defendants Rodrigues and Parent who wield discretionary powers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) *cited in* Burns v. Loranger, 907 F.2d 233, 235 (1st Cir. 1990); See also, Saucier v. Katz, 121 S.Ct. 2151 (2001). Thus, even defendants who violate constitutional rights enjoy a qualified immunity that protects them from liability for damages unless it is further demonstrated that their conduct was unreasonable under the applicable standard. Davis v. Scherer, 468 U.S. 183, 190 (1984). The applicability of this defense is a pure question of law and the standard is not demanding. Hall v. Ochs, 817 F.2d 920, 924 (1st Cir. 1987).

As the Court of Appeals for the First Circuit has stated, the "applicable standard" for qualified immunity is an objective one and therefore:

> Because qualified immunity does not address the substantive viability of a section 1983 claim, but rather the objective reasonableness of a defendant's actions, a plaintiff who is entitled to prevail on the merits is not necessarily entitled to prevail on the issue of qualified immunity. Amsden v. Moran, 904 F. 2d 748, 751 (1st Cir. 1990).

Issues of qualified immunity require the Court to address two questions. First, the Court must determine whether the right at issue was "clearly established". In this context, a right is "clearly established" if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 482 U.S. 635, 640 (1987). Next, the Court must "determine whether defendants reasonably should have comprehended that their specific actions transgressed those "clearly established" rights. Amsden, at 752.

Inquiry as to whether officers are entitled to qualified immunity for the use of excessive force is distinct from inquiry on the merits of the excessive force claim. Saucier v. Katz 533

---

[1] The standard for qualified immunity is the same for alleged civil rights violations under both the United States Constitution and the Massachusetts Declaration of Rights. See Duarte v. Healy, 537 N.E. 2d 1230, 1232 (Mass. 1989); see also Dinsdale v. Commonwealth, 675 N.E. 2d 374, 378 (Mass. 1997).

U.S. 194, 121 S.Ct. 2151 (2001.)  If an officer reasonably, but mistakenly, believed that a suspect was likely to fight back, the officer would be justified in using more force than in fact was needed. Qualified immunity acknowledges that reasonable mistakes can be made as to the legal constraints on particular police conduct. An officer might correctly perceive all of the relevant facts, but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances. Id.  Clearly, when Officers Rodgrigues and Parent handcuffed Mr. Salvucci they had to remove him from the premises to allow Mr. Dumornay room to back his vehicle out of his garage.

In the instant case, qualified immunity should shield the individual Defendants from liability for civil rights claims.  As the Court is aware "qualified immunity protects "all but the plainly incompetent or those who knowingly violated the law" and allows ample room for mistaken judgment." Hunter v. Bryant, 112 S.Ct. 534, 537 (1991).  Accordingly, qualified immunity should apply and bar all §1983 the police officers.

### III.   Conclusion

Based on the above referenced arguments, the defendants respectfully request that the Court enter judgment in their favor.

Defendants, Keith Parent and Orlando Rodriguez,
By their Attorneys,

Douglas I. Louison   BBO# 545191
Regina M. Ryan BBO# 565246
Louison, Costello, Condon & Pfaff, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305