Frank Salvucci (Sr.) & Frank Salvucci (Jr.)
8 Falmouth Road, Watertown, MA 02472

United States District Court, District of Massachusetts (Boston)

| | |
|---|---|
| Frank Salvucci(Sr.)/Frank Salvucci(Jr.), | Case No.: 1:04-cv-12351-JGD |
| Plaintiff, | Opposition to Motion for Costs |
| vs. | |
| Watertown Police Department, et al, | |
| Defendant | |

    Now comes the <u>presumed</u> plaintiff's, Frank Salvucci (Sr.) and Frank Salvucci (Jr.), acting Pro Se with their response to the defendant's motion for costs. (NOTE: The actual Plaintiff in this case is Stuart Grossman, attorney for bankruptcy trustees who chose to pursue this case without the desire or authorization of the Salvucci family. This matter is discussed in detail in the following paragraphs.)

    The Salvucci family has suffered too much of a financial hardship as a result of the circumstances presented in this case. Over a period of several years, from 2002 to present, an enormous amount of anguish plus a sizable financial burden was thrust upon the Salvucci family. The Salvuccis are lifelong residents and taxpayers of the Town of Watertown. To suggest or even require that they should be responsible *for* costs in this case is inappropriate for the following reasons:

    First. Frank Salvucci (Jr.), a 55 year old man, was not afforded the opportunity to present his case to a jury of his peers. The use of Summary Judgment was used to impede his ability to progress in the case. The use of Summary Judgment was inappropriate and created an obvious bias in this case. In addition, it left the Salvuccis in a vulnerable position to even more harm similar to what was the cause and effect in bring this case to the court to begin with. The court did not review or consider all materials in the light most favorable to the party opposing the motion for summary judgment. The decision to allow Summary Judgment was conclusory and speculative and obvious from the final response. In brief, the use of summary judgment was not appropriate. Material evidence in the form of video surveillance tapes, legally procured audio tapes, previous trial statements, and eye witness

testimonies were clearly not examined by the court. The final determination was based on an assumption of the facts. The District Court erred in granting Summary Judgment thus causing the Salvuccis in this case to forfeit tens of thousands of dollars in of out-of-pocket expenses used for the purpose of providing the court with specific and accurate evidentiary materials for trial, only part of which were used.

Second. Frank Salvucci (Sr.), an 86 year old man, was the victim of an assault without provocation. A jury may have decided that the defendants were not liable for damages, but the fact remains that Frank Salvucci (Sr.) was injured and will have to endure the effects of his injuries for the rest of his life.

Third. As lifelong residents of the Town of Watertown, and taking into consideration the facts as they have unfolded over the period of several years, the Salvuccis did in fact, approach attorneys from both sides, to include the District Court, through several certified letters plus telephone calls to express their concerns and desire to abort the case and to terminate the services of attorneys that they felt were deliberately belaboring the matter without the Salvucci's consent. Such evidence is on file with the court. Several requests by the Salvuccis towards the defense attorneys for direct communication were repeatedly ignored. In fact, direct communication with the assistant to the Magistrate-Judge was very enlightening. The Salvuccis were told that the smartest approach would be to, quote; "Drop the matter and move on with your lives. That was the reasoning behind the *Summary Judgment* decision." This was advice that was understood with underlying overtones and somewhat well taken. However, because of the bankruptcy incurred by Frank Salvucci (Sr.) during the early phase of this case and a large financial burden carried by Frank Salvucci (Jr.) the case moved on without their permission or control. The Salvuccis made it known to the attorneys and the court that they did not want the case to proceed. The Salvuccis also made it known that if the case was to proceed, then the trustees in the bankruptcy, represented by Attorney Stuart Grossman, would have to do it on their own at their own expense. It was also said by the Salvuccis that they wish to have their name disassociated with the case. The result was that all attorneys and the District Court ignored the Salvuccis repeated requests.

Fourth. A careful examination of the expense breakdown provided by the defendant's attorneys, Louisson and Ryan, is inaccurate and in some instances not authentic.

What must be taken into consideration here is that the Salvuccis have suffered greatly and cannot absorb an additional financial burden. The Salvuccis have been victimized by a system that is known to be broken. As life-long residents of the Town of Watertown, the Salvuccis are forced to use the services of the Watertown Police Department. Unlike two conflicting individuals that can go their separate ways, the Salvuccis and the defendants are forced to coexist with one serving the other in a public service capacity. Therefore, it is unreasonable to suggest that the Salvuccis should bare an additional burden which they cannot afford and that will plunge them further into a financial hardship. This situation was an unfortunate set of circumstances and involved a series of bad decisions by both parties involved. Therefore it is time for the attorneys from both sides to move along and to stop belaboring these issues that will presumably continue to be contested.

The Salvuccis request that the first and second submittals by the defendants for cost be denied for the reasons explained above and to allow the Salvucci family to recover from a costly and lengthy ordeal that they themselves tried to resolve years prior to trial. Further pursuit of this matter shall only serve to agitate an already unfortunate set of circumstances.

If the court will not deny the defendants Motions for Costs, then the Salvuccis request that they have the opportunity to appear in person to dispute the costs and to show the actual receipts for their expenses for which the Salvuccis were to be reimbursed by 50 percent of the cost during the discovery and subsequent phases of this case. No such reimbursement was ever received.

Furthermore, recent correspondence with attorneys will show that the motivation for seeking costs is nothing more than vindictive behavior for the recent filing of an appeal in this case.

Dated this 24th day of June 2008

*Frank Salvucci Sr.*
*Frank Salvucci Jr.*

Frank Salvucci Sr.
Frank Salvucci Jr.
8 Falmouth Road
Watertown, MA 02472